# Re Road in Lackawanna Township.

In proceedings for the opening of a public road the width of the road must be fixed at the time of the approval of the report of the viewers, and the omission to do so is fatal to the proceedings. The width cannot be fixed at a subsequent term of court by an order *nunc pro tunc.*

The provision of § 25 of the act of 1836, that a review may be had providing application therefor be made at or before the next term of the court after the report upon the view, is mandatory; a petition for review at a later time cannot be entertained.

(Decided March 15, 1886.)

Certiorari to the Quarter Sessions of Lackawanna County to review proceedings for opening a public road. Reversed.

The facts are sufficiently stated in the opinion.

*John F. Scragg* and *Edward Merrifield* for appellant.

*H. M. Edwards* and *Jessup & Hand* for appellees.

OPINION BY MR. JUSTICE CLARK:

The 4th section of the general road law of June 13, 1836, provides: "If the court shall approve of the report of the viewers, allowing a road, they shall direct of what breadth the road so

approved shall be opened, and at the next court thereafter . . . such road shall be taken, deemed, and allowed to be a lawful public road or highway or private road, as the case may be."

The width of the road is undoubtedly a matter of which the parties in interest have a right to be informed, before the proceedings and final judgment of the court are entered upon record; for, as this court said in the Road Case, 3 Watts & S. 559, a proprietor who would submit to have his land appropriated to a road of 20 feet breadth might resolve on a vigorous resistance to one of 50; and, if the breadth were not indicated while the question of resistance is an open one, how could he determine what to do?

The whole proceedings are *in fieri* and open to exceptions, until the next term after the approval of the report; after that, an exception comes too late.   It has been held, therefore, in many cases in this court that the width of the road must be fixed at the time of the approval of the report, and that the omission so to do is fatal to the proceedings.   Road Case, 4 Watts & S. 39; *Re* Charleston Road, 2 Grant Cas. 467.

Nor can the width be afterwards fixed at any subsequent term of the court, by an order *nunc pro tunc;* no decree, thus made in road cases, can have any validity, excepting, perhaps, under some circumstances, to preserve the regularity of the continuance of unexecuted orders.   *Re* Road, 32 Pa. 284.

The report of the viewers was filed and confirmed nisi at the January term, 1883; and, if the width had been fixed by the court, and exceptions had not been filed or a review ordered at the April term, the road reported would have, without more, become a lawful public highway.

At the April term, however, exceptions were filed, and this suspended the proceedings upon the report of the view.   The report had only been confirmed nisi; that is to say, unless before the next term of court exceptions should be filed or a review ordered.   The filing of the exceptions, therefore, took off this confirmation, and the report remained subject to the further action of the court.

Pending these exceptions, the proceeding for a review was inaugurated; but the application for a review was not in time. The original petition for a view was filed, and the reviewers appointed October 23, 1882; on the 22d January, 1883, the report was filed and confirmed nisi.   The next term of the court after

the report was the April term, 1883; but the application for the review was not made until the next June term. The 25th section of the act of 1836 directs that a review may be had, provided application therefor be made at or before the next term of the court after the report upon the view. When application is thus made a review is a matter of right, but this provision of the act is mandatory. *Re* Road, 51 Pa. 296; *Re* Franconia Twp. Road, 78 Pa. 316.

The proceedings and the report cannot be acted upon *nunc pro tunc,* so as to avoid this requirement. *Re* Road, 2 Grant Cas. 204; *Re* Baldwin & S. Road, 3 Grant Cas. 63.

The review was, therefore, wholly unauthorized by law; and the proceedings therein, with the final decree of June 1, 1885, confirming the same, must be reversed and set aside.

We have nothing remaining, therefore, but the report of the view, and, as the width of the road, reported by the viewers, was not fixed by the court as required by law, the record is incurably defective. The order of June 17, 1883, fixing the width, *nunc pro tunc,* as we have already said, cannot be sustained; the final decree of confirmation entered December 24, 1883, is therefore erroneous.

We are of opinion that, owing to the great complication into which these proceedings have fallen, if the public necessity for this road still exists, the matter should be proceeded with *de novo.*

The entire proceedings of the quarter sessions are therefore reversed and set aside.