534             FERMANAGH ROAD.

Syllabus—Opinion of Court below.      [1 Super. Ct.


David B. Stouffer, Appellant, *v.* William Stouffer.

*Road law—Report of viewers—Width of road.*

It is not essential to the validity of the return of road viewers appointed to lay out a public road and assess the damages occasioned thereby that the viewers indicate in their report the width of the said road as the basis upon which the assessment of damages is made.

*Width of road must be designated by the court.*

The breadth of a public road is to be fixed by the court. It exclusively belongs to the court and not to the viewers or reviewers,—they have no authority over the width whatever.

It is to be presumed that being appointed to lay out a public road the viewers would estimate on the usual width in assessing damages, and if the court in fixing the width should adopt a greater width the persons through whose land the road passes would have their remedy by appeal.

Argued March 10, 1896. Appeal, No. 6, March T., 1896, by plaintiff from decree of Q. S., Juniata Co., setting aside the reports of viewers and reviewers. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Exceptions to reports of viewers and reviewers as to assessment of damages in the matter of petition to view, lay out and vacate roads.

Viewers and reviewers having been appointed to lay out a road and vacate part of the old road supplied, reported, laying out the road and fixing the damages. Exceptions were filed setting out that the reports failed to show any width of the road laid out as a basis upon which damages were assessed. The court below, LYONS, P. J., sustained the exception in the following opinion:

December 4, 1893, a petition for the appointment of reviewers was presented, and on the same day reviewers were appointed, who filed their report January 24, 1894, signed by two of their number, laying out the road substantially the same as that laid out by the viewers and vacating the part of the old road supplied, and assessing the same damages as the viewers to the several owners of the land through which the

road passes. This report was approved nisi February 12, 1894, and width of road fixed at thirty feet.

July 15, 1895, the following exception was filed to this report, by William Stouffer, one of the owners of the lands through which the road was laid out, to wit: "That the report of the reviewers fails to show that the reviewers proposed any width for the road laid out as a basis upon which they assessed the damages of the owners of the land through which the proposed road is laid out." A similar exception was filed on the same day to the report of the viewers. To the filing of these exceptions objection was made by counsel for the petitioners for the road, that they were not filed within the time prescribed by section 204 of Rules of Court. To comply with that rule the exception should have been filed not later than April 1, 1894, as the April term commenced April 23, 1894. The matter of the exception, however, appearing on the face of the record, the exception was filed in time: O'Hara Township Road, 152 Pa. 320. Bean's Road, 35 Pa. 280.

The question then to be decided is that raised by the exception. The drafts accompanying the reports of the viewers and reviewers both show that the proposed road runs through the improved lands of the exceptant a distance of twenty-eight and twenty-five one hundredths rods. It is contended because the viewers and reviewers did not set forth in their report the width of the road as laid out as a basis upon which they assessed the damages, that this omission is fatal to their reports. In support of this view, Road in Franklin Township, 4 Dist. Rep. 417, and Road in Plum Creek Township, 110 Pa. 544, are cited.

The point now raised has never been before the Supreme Court or decided by it in the case of a public road. The only case cited or that I have been able to find in which this question has been decided is that of Road in Franklin Township, above. The act of assembly on which the proceeding in that case is founded (act of April 28, 1857, P. L. 335, fourth section) is substantially the same as the third section of the act of 24th of February, 1845 (P. L. 52), which applies to Juniata county.

The question is important. Viewers have no authority to fix the width of a road—that is the duty of the court. The

536 FERMANAGH ROAD.

Opinion of Court below—Arguments. [1 Super. Ct.

act of assembly requires them to assess the damages where they fail to procure releases. If they cannot assess the damages without reporting the width of the road as laid out by them, then in every case in which the court refused to adopt the width of the road reported by the viewers as the basis on which the damages were assessed, the report would, if objected to, have to be set aside. This would defeat the purpose of the act of assembly to simplify the proceedings and make them less expensive : Warriorsmark Township Road, 126 Pa. 305.

In view of these difficulties I am loth to follow the decision in Franklin Township Road, supra, but in accordance with stare decisis will follow it until reversed by a higher court.

*Error assigned* among others was to the decree of the court sustaining the exceptions.

*B. F. Burchfield, B. F. Atkinson of Atkinson & Pennell* for appellant.—That it is not essential that the width of the road should appear in the report of viewers is manifest from the special act of February 24, 1845 P. L. 52, extended to Juniata county by act of March 11, 1871, P. L. 329. In the case of public roads it is not necessary that the fact that the viewers gave public notice should appear on the face of the report : Middle Creek Road, 9 Pa. 69. The act of 1836, P. L. 555, being directory as to what shall be stated in the reports of road viewers, it is error to set aside a report complying with statutory requirements : Middle Creek Road, 9 Pa. 70 ; citing Schuylkill Falls Road, 2 Binney, 250 ; McCall's Ferry Road, 13 S. & R. 25. See also Spear's Road, 4 Binney, 177. It must be presumed that the viewers performed their duty and that all things were rightly done unless the contrary appears : Abington's Road, 109 Pa. 124. The question in Franklin Township Road, 4 Dist. Rep. 417, is different from the case at bar. The learned judge based his decision on Road in Plum Creek Township, 110 Pa. 544, which was a private road. The viewers have no authority over the width whatever : Ewing's Mill Road, 32 Pa. 284. The proceedings by view, review and re-review are distinct matters from the court ordering what breadth the road shall be opened : Whitemarsh Road, 5 Pa. 102.

*W. I. Hoopes*, for appellee, relied on Plum Creek Township Road, 110 Pa. 544, and Franklin Township Road, 4 Dist. Rep. 417.

OPINION BY BEAVER, J., April 14, 1896:

The several assignments of error in this case raise but a single question, namely, is it essential to the validity of the return of viewers appointed to lay out a public road and assess the damages occasioned thereby that the viewers indicate in their report the width of the said road as the basis upon which the assessment of damages was made?

The act of the 13th of June, 1836 (P. L. 551), expressly prescribes the duties of the viewers appointed for laying out or vacating public roads, and also the duty of the court of Quarter Sessions if it shall approve the report of the viewers. The duties of the viewers, so far as their report is concerned, are prescribed by the third section of the said act as follows: "The viewers as aforesaid shall make report at the next term of the said court and in the said report shall state particularly, first, who of them were present at the view; second, whether they were severally sworn or affirmed; third, whether the road desired be necessary for a public or private road; they shall also annex and return to the court a plot or draft thereof, stating the courses and distances and noting briefly the improvements through which it may pass, and whenever practicable the viewers shall lay out the said road at an elevation not exceeding five degrees, except at the crossing of ravines and streams where by moderate filling and bridging the declination of the road may be preserved within that limit." The duty of the court in relation thereto, as prescribed in the fourth section of the said act is as follows: "If the court shall approve of the report of the viewers allowing a road, they shall direct of what breadth the road so approved shall be opened, and at the next court thereafter the whole proceedings shall be entered on record, and thenceforth such road shall be taken, deemed and allowed to be a lawful public road or highway or private road, as the case may be." This act has been passed upon by the Supreme Court in many cases. In re Public Road in Whitemarsh and Springfield Townships, 5 Pa. 101, it is said: "The breadth of a public road is to be fixed by the court. It exclu-

sively belongs to the court and not the viewers or reviewers : In re Shaefferstown Road, 5 Pa. 515, it was held to be error in the court below not to fix the breadth of the road at the time of the confirmation of the report. Under the provisions of the act of 1836, however, the viewers who laid out the road were not authorized to assess the damages occasioned thereby.

The act of the 24th of February, 1845 (P. L. 52), relative to public roads in certain counties therein named, provides in its third section that "if the viewers shall decide in favor of locating a public road or to make any change in the location of the public road which they are appointed to review, it shall be the duty of the viewers to endeavor to procure from the persons through whose lands such location may be made releases for all claims of damages that might arise from opening the same and in every case where said viewers shall fail to procure such releases and it shall appear to them that any damages will be sustained, it shall be their duty to assess the damages and make report thereof signed by a majority of their number and return the same, together with all releases obtained, to the proper court of quarter sessions." The fourth section of the same act provides that "it shall be the duty of said court to examine carefully the amount of damages assessed as aforesaid ; and, if said court shall be satisfied that the amount of damages assessed in any case is such that the public interest will be subserved by its payment and the opening of the road, said court shall affirm such view or review and the assessment of damages which shall be paid as now directed by law; but, if said court shall not be satisfied, the said report shall not be confirmed, unless the same shall be paid first by the petitioners." The sections of the said act above quoted were extended, among others, to the county of Juniata by the act of the 11th of March, 1871 (P. L. 329). It will be observed that no change whatever is made by the provisions of this act in the duties of the viewers and of the court of Quarter Sessions respectively. They remain the same as in the act of the 13th of June, 1836, supra.

In re Road to Ewing's Mill, 32 Pa. 282, the viewers reported, after describing the road: "We do report the same for a public road or highway, thirty-three feet wide." The court below approved this report but the proceedings were reversed in the

Supreme Court.  Mr. Justice CHURCH, delivering the opinion, said : ": These proceedings cannot be sustained.  The act of assembly explicitly and imperatively requires the court to direct of what breadth all roads shall be opened.  The approval of the report of viewers is quite a distinct and independent act but both are equally essential.  'If the court shall approve of the report allowing a road' is the language of the law, 'then they (the court) shall direct of what breadth the road so approved shall be opened.'  The viewers have no authority over the width whatever."

The explicit directions of the general road law, as well as the authoritative declarations of the Supreme Court in regard thereto leave but little doubt as to the question raised in this case.  The decree of the court below might well be reversed upon the argument of the learned judge thereof who says : " The question is important.  Viewers have no authority to fix the width of the road ; that is the duty of the court.  The act of assembly requires them to assess the damages where they fail to procure releases.  If they cannot assess the damages, without reporting the width of the road as laid out by them, then in every case in which the court refused to adopt the width of the road reported by the viewers as the basis on which the damages were assessed the report would, if objected to, have to be set aside.  This would defeat the purpose of the act of assembly to simplify the proceedings and make them less expensive.  Warriorsmark Township Road, 126 Pa. 305." Instead of following the logic of his argument, however, the learned judge adopted the views laid down in the road in Franklin Township, 4 District Repts. 417, remarking: " In view of these differences, I am loath to follow the decision in Franklin Township Road, supra; but, in accordance with stare decisis, will follow it, until reversed by a higher court."  The Franklin Township Road case, supra, is a decision of the court of Quarter Sessions of Carbon county based upon what is scarcely more than a dictum of Mr. Justice GORDON in re Road in Plum Creek Township, 110 Pa. 544, which was a proceeding to open a private road through the land of another. The decision in this case rests mainly upon the fact that it did not appear by the record that notice was given to the owner of the land through which the road was to pass, and the view was

decided to be fatally defective for that as well as for other reasons. At the close of the opinion the learned justice says: "Again we cannot understand how damages can be assessed on a mathematical line—that which has length only without breadth or thickness. When the assessment was made, the court had not fixed the width of the road and the viewers proposed none as the basis of their estimate. This was of itself an error fatal to the report." As already remarked, however, this was a proceeding laying out and opening a private road and, as is very clearly stated by the learned justice, "the rights which are involved in the two (that is public and private roads) are very different. In the one case, that of a public road, the commonwealth in taking land for its own use exercises its right of eminent domain and it may be so taken, without compensation: Township of East Union v. Comrey, 100 Pa. 362. It follows that all provisions with reference to notice to the owner of land through whose property a public road may chance to pass are ex gratia, but with private roads the matter is wholly different. Here is the taking of private property for private use, an assumption that is prima facie unconstitutional and can only be justified by the strictest necessity. In such case it requires no argument to sustain the position that a court has no more power to pass the use of one man's property over to another without personal notice than it would have to give judgment against one, without the service of summons."

The same rule which applies to the question of notice will apply also to the question of the width upon which the viewers estimated the damages allowed by them. The learned justice, in speaking upon the subject of notice, says: "We understand indeed that as to public roads this court has taken both sides of the question, nevertheless the more recent deliverances would seem to have definitely settled the doubt thus raised in favor of the position that, whilst notice to the landowner is necessary, yet it need not appear of record but may be established in the quarter sessions by oral proof, and thus the matter is put beyond the power of review in this court because on a certiorari we can make no inquiry concerning that which is not technically part of the record; but, as the contention in hand is over a private road, the doctrine just stated does not apply:" Road in Plum Creek Township,

110 Pa. 547. We do not, therefore, regard the case of the Road in Franklin Township, supra, as authority which should have been followed by the learned judge of the court below. The Road in Plum Creek Township, supra, followed in that case does not, in our opinion, apply to public roads, particularly in view of the clear and explicit declarations of the Supreme Court in the cases hereinbefore cited. In the case under consideration, the report itself clearly shows that the viewers had a public road in mind. They do not return a mathematical line, but a road bounded by two distinct boundary lines. It is to be presumed that, having been appointed for the purpose of laying out a public road, they had such a road in mind and would estimate the damages upon the usual width adopted in such cases. If this were not the case, it could have been shown to the court below. If, in fixing the width of the road, the court should adopt a greater width than that which is ordinarily prescribed for public roads and greater than that used by the viewers as the basis of their award for damages, the persons through whose land the road is laid out would it seems have their remedy by an appeal, as provided by the first section of the act of April 15, 1891 (P. L. 17). The exercise of this right of appeal will lead to much less of confusion and uncertainty than any change in the uniform practice in regard to the reports of viewers appointed to lay out public roads and assess damages thereon, and the well defined duties of the court, as laid down by the Supreme Court and almost uniformly followed by the courts of Quarter Sessions throughout the commonwealth. The decree of the court below is, therefore, reversed at the costs of the appellee and the proceedings remanded to the Quarter Sessions of Juniata county for final decree in accordance with this opinion.