## In re Road in Smithfield Township

*Forrest J. Mervine*, for petitioner.
*Eilenberger & Huffman*, for respondents.

SHULL, P. J., April 2, 1937. — The question here involved is the power of the court to decree a private road three years and five months after the confirmation of the report of viewers when, though the report recommended a private road, in the confirmation there was no private road decreed.

The viewers in this case reported as required by law. In their report they recommended the vacation of the public road and likewise recommended that a part of the road so vacated become a private road for the use of the property holders whose properties abutted upon the road. The report was confirmed nisi at September term, 1932,

and at December term the following order of confirmation was entered:

"And now, December 15th, 1932, the within report of viewers is confirmed and the road described in Section D of the findings of fact be and is hereby vacated.

"By the Court,

"SAMUEL E. SHULL, P. J."

The court did not enter a decree that the route of the abandoned public road become a private road, nor was there intention at that time to enter such decree, though the confirmation endorsed upon the report was, in a way, general. The parties to this controversy did not then or ever consider that part of the order of confirmation which is general as being a decree making the abandoned road a private road, and on June 3, 1936, an order was presented by respondents in this petition to this court decreeing this abandoned road to be a private road, and the question now before us is whether or not the decree of June 3, 1936, was improvidently made.

Respondents in the petition now urge that, although it is no longer the duty of the court to fix the width of a private road by reason of the fact that the width of such roads is definitely prescribed by the Act of April 17, 1929, P. L. 530, the court continues to have jurisdiction after the final confirmation and may at any time enter a decree describing and awarding a private road where the same has been recommended by the viewers.

Though the Act of 1929, supra, prescribes the width of private roads and there is no longer necessity, nor is there power, in the court to prescribe the width, the enactment of this statute in no wise changed the procedure of vacating a public road nor did it clothe the court with any power that the court did not theretofore have. We are convinced that the rule, which prior to the enactment of the Act of 1929 applied to the fixing of the width of a private road at the time of confirmation, applies with equal force to the question of definitely entering a decree that the abandoned public road shall become a private

road. The rule in question is laid down in the case of Road to Ewing's Mill, 32 Pa. 282; Road in Hempfield Twp., 122 Pa. 439; Fermanagh Road, 1 Pa. Superior Ct. 534; Road in North Franklin Twp., 8 Pa. Superior Ct. 358; and under this rule, if a private road was to be decreed, then must it have been decreed at the time of the confirmation of the report. The private road in question was not decreed at the time of the confirmation of the report of viewers and the vacation of the public road, and it could not now, nor could it on June 3, 1936, be done by the court: Road to Ewing's Mill, supra; In re Road in Township of Lackawanna, 112 Pa. 212; and, on mature consideration, it is clearly apparent that, under the same acts of assembly which have been construed to the effect that where a court confirms a report of viewers and at the same time decrees a private road but fails to designate the width of the road the decree is a nullity and it is not within the power of the court to designate the width of the road nunc pro tunc, it would be most illogical if, after a final confirmation in which no private road was decreed, the court should have power to decree nunc pro tunc, in its entirety, a private road.

The order creating a private road was improvidently made and is, to the mind of this court, a nullity, as it was not within the power of this court to make such order at that late date. Respondents in this petition are, of course, charged with notice of the order of confirmation of the report of viewers. They had full opportunity to appeal if they felt aggrieved by reason of the fact that a private road was not decreed. They did not see fit to appeal and, consequently, this proceeding terminated with the final confirmation of the report of viewers in December 1932. If, indeed, there is necessity for a private road, the law supplies a means of obtaining it through a proceeding to lay out a private road.

And now, April 2, 1937, the order of June 3, 1936, creating a private road is vacated and set aside.

From C. C. Shull, Stroudsburg.