## Whiting v. Sotlar

*White & Caldwell*, for plaintiffs.
*Richard Audino*, for defendants.

HENDERSON, P. J., January 31, 1966.—This matter is before the court on defendants' motion for a compulsory nonsuit.

The complaint in equity filed in this matter asks that defendants be enjoined from interfering with plaintiffs' right to use a certain roadway which passes through defendants' property to the property of plaintiffs. This action will be decided by a determination of the status of a former public road previously vacated by the Court of Quarter Sessions of Lawrence County, Pa. The question is whether or not the vacation of that public road resulted in the establishment of the claimed private road.

At the hearing in this matter, evidence was introduced of an action filed in the Court of Quarter Sessions of Lawrence County, Pa., December sessions, 1911, no. 6, Roads and Bridges, in which the supervisors of Pulaski Township petitioned the court to vacate the public road. This action was withdrawn. Another such petition was filed by the township supervisors at June sessions, 1913, no. 3, Roads and Bridges, which was introduced into evidence by reference. The final order of the court in that matter reads as follows:

"Now, June 4, 1913, the within report presented and upon due consideration approved; notice to be given according to the Rules of Court".

The report of the viewers and all papers connected with that proceeding was admitted into evidence here by reference. On the theory that the order of June 4,

1913, vacated this roadway, and that such vacation created a private roadway, plaintiffs rested their case, and defendants made the motion for a compulsory nonsuit, which is now before the court.

The court may enter a nonsuit in equity actions in the same circumstances and with the same effect as in actions at law: Pennsylvania Rule of Civil Procedure 1512.

A compulsory nonsuit, particularly in an equity case, should only be entered in a clear case, and in determining the motion therefor, all evidence and proper inferences should be interpreted in a light most favorable to plaintiffs.

Did the court, by adopting the report of the viewers and vacating this roadway in 1913, establish by implication an easement to a private roadway across this property? Prior to the Act of April 17, 1929, P. L. 530, sec. 1, 36 PS §2781, the court had the authority to decree the creation of a private roadway upon the vacation of a public roadway and to determine the width thereof. The only change made by the Act of 1929 was to take from the court the right to determine the width of such private roadway, the width thereafter being established by statute.

The Act of April 17, 1929, P. L. 530, sec. 1, 36 PS §2781, provides as follows:

". . . [W]henever viewers, appointed by the court of quarter sessions to view and vacate any public road within this Commonwealth, shall find and report that there is no necessity for such public road, but shall recommend in their report that the route thereof, or of any portion thereof, be and remain a private road, upon the approval of their said report and the confirmation thereof by the court and the vacation of said public road, the court shall have power to enter a decree that the route of such abandoned public road, or any portion thereof, so recommended for a private

road, shall be and become a private road, of the width of twenty-five feet, for the use and benefit of the owners of lands through or along which it passes, to be maintained and used as private roads are now maintained and used under existing laws".

Upon a reading of the final order of court dated June 4, 1913, it becomes immediately obvious that the order did not provide for the creation of a private roadway. The order specifically limited itself to approving the report of the viewers.

We hold that this case is ruled by the law as set forth in In re Road in Smithfield Township, 29 D. & C. 208 (1937). That court stated the law in these words:

"We are convinced that the rule, which prior to the enactment of the Act of 1929 applied to the fixing of the width of a private road at the time of confirmation, applies with equal force to the question of definitely entering a decree that the abandoned public road shall become a private road. The rule in question is laid down in the case of Road to Ewing's Mill, 32 Pa. 282; Road in Hempfield Township, 122 Pa. 439; Fermanagh Road, 1 Pa. Superior Ct. 534; Road in North Franklin Township, 8 Pa. Superior Ct. 358; and under this rule, if a private road was to be decreed, then must it have been decreed at the time of the confirmation of the report. The private road in question was not decreed at the time of the confirmation of the report of viewers and the vacation of the public road, and it could not now, nor could it on June 3, 1936, be done by the court: Road to Ewing's Mill, supra; In re Road in Township of Lackawanna, 112 Pa. 212; and, on mature consideration, it is clearly apparent that, under the same acts of assembly which have been construed to the effect that where a court confirms a report of viewers and at the same time decrees a private road but fails to designate the width of the road the decree is a nullity and it is not within the power of the

court to designate the width of the road nunc pro tunc, it would be most illogical if, after a final confirmation in which no private road was decreed, the court should have power to decree nunc pro tunc, in its entirety, a private road".

Reference to Road in North Franklin Township, 8 Pa. Superior Ct. 358 (1898), and to In re Road in Township of Lacakawanna, 112 Pa. 212 (1886), shows that in this type of case, where no appeal was taken from the original order to correct, modify, amplify or reverse the original order, then the order cannot be attacked, amended, or modified nunc pro tunc. Therefore, we must hold that since the original order which vacated the public road contained in it no provision for the creation of a private roadway, then the order of court dated June 4, 1913, cannot be the basis for a declaration now of private road rights. It follows that insofar as this ground for plaintiffs' complaint is concerned, the motion for a compulsory nonsuit should be granted.

However, it is indicated to the court that other grounds exist for the establishment of a private roadway at this location. This matter being in equity, we shall, therefore, permit plaintiffs to amend their pleadings to set forth any other grounds which they may have to show the establishment of the alleged private roadway.

## DECREE NISI

Now, January 31, 1966, the motion of defendants for a compulsory nonsuit on the grounds presented is granted. However, if plaintiffs can sustain their action on any other grounds, they may amend the pleadings within 20 days from the date hereof setting forth those grounds. Unless such amendment is filed within that period of time, the prothonotary is directed to make the proper docket entry dismissing the action.