Dr. Ronald J. MENTO

v.

The BOARD OF SCHOOL DIRECTORS OF the MONTOUR SCHOOL DISTRICT, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 29, 2011.

Decided Aug. 18, 2011.

Gregory Gleason and Lisa Colautti, Pittsburgh, for appellant.

Gregory J. Matta, Pittsburgh, for appellee.

BEFORE: LEADBETTER, President Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Board of School Directors of the Montour School District (School District) appeals from the December 14, 2010, order of the Court of Common Pleas of Allegheny County (trial court), which ordered the School District to pay Dr. Ronald J. Mento $182,094.97. We reverse.

In 2006, the trial court found that the School District had unlawfully suspended Dr. Mento from his position as Superintendent on February 19, 2004, and had unlawfully terminated Dr. Mento on November 18, 2004. The trial court ordered the School District to make Dr. Mento whole with respect to lost wages, benefits and the emoluments of office. The parties fashioned a consent order, which the trial court signed on December 4, 2006.

Dr. Mento had retired on September 17, 2004, and began receiving a pension after the School District stopped paying him. Once the trial court issued its order to make Dr. Mento whole in December 2006, the School District: (1) gave Dr. Mento his back salary,[1] sending a portion of it to the Public School Employees' Retirement System (PSERS); (2) placed him on sabbatical leave for the 2004–2005 school year; and (3) placed him on normal work status for the 2005–2006 school year.

Based on Dr. Mento's additional salary and service credit, PSERS notified Dr. Mento in a letter dated September 28, 2007, of the following changes in his retirement benefits.

Beginning with your check dated October 31, 2007, your gross monthly benefit has been adjusted from $6,064.35 to $7,100.51.

Your retirement date has changed from September 17, 2004 to June 30, 2006. Due to this change, you have been overpaid $114,400.62 in monthly annuity:

Received in monthly annuity:

9/17/2004–9/30/2007

$6,064.35 × 36.466 months = $221,142.59

Should have received in monthly annuity:

6/30/2006–9/30/2007

$7,100.51 × 15.033 months = $106,741.97

Please send a check for $114,400.62 payable to [PSERS] within 30 days. . . .

If we do not receive the check within 30 days, we will assume that you wish to have the amount actuarially reduced throughout the lifetime of the annuity. By using the actuarial reduction method, your monthly check will be permanently reduced by $644.45. This would reduce your gross check to $6,456.06.

(R.R. at 55a.) Dr. Mento did not elect to repay the $114,400.62 overpayment in a

---

1. The trial court's award required the School District to pay Dr. Mento $155,989.60 in back salary. (R.R. at 11a.) The trial court's award also gave Dr. Mento amounts for vacation pay, sick day reimbursement, unpaid personal leave, group health benefits, "tax gross-up" and interest, for a total of $295,573.99. (*Id.*)

lump sum. As a result, PSERS is deducting $644.45 per month from Dr. Mento's pension payment.

Because of the reduction in his pension payment, Dr. Mento filed a petition with the trial court in July 2010 to interpret and enforce the trial court's order requiring the School District to make Dr. Mento whole. In his petition, Dr. Mento asked the trial court to make the School District responsible for the pension overpayment of $114,400.62. (Petition, ¶ 5, R.R. at 7a.) After considering the matter, the trial court awarded Dr. Mento the present value of the pension overpayment.[2] The trial court stated that, if the School District had not forced Dr. Mento to retire in September 2004, he would have retired at the later date and would not have $644.45 less in his pension. The School District now appeals to this court.[3]

The School District argues that the trial court erred in awarding money to Dr. Mento to cover the pension overpayment because such an award makes Dr. Mento more than whole, i.e., it allows Dr. Mento to receive both his salary and his pension at the same time. We agree.

When Dr. Mento retired in September 2004, his pension payment was $6,064.35 per month. (R.R. at 55a.) After PSERS gave Dr. Mento credit for his additional salary and service, PSERS increased Dr. Mento's pension to $7,100.51 per month. However, to receive this increased amount, Dr. Mento needed to repay PSERS for the pension overpayments. Dr. Mento chose to repay his debt to PSERS by having PSERS reduce his pension payments by $644.45 per month. Thus, Dr. Mento's monthly payment became $6,456.06 ($7,100.51 – $644.45 = $6,456.06), which is $391.71 more than his original pension payment of $6,064.35 per month ($6,456.06 – $6,064.35 = $391.71).

The trial court's "make whole" order gave Dr. Mento his back salary, a full pension of $7,100.51 per month[4] and $114,400.62 in pension payments he received during the time covered by the back salary. However, this makes Dr. Mento more than whole because, if the School District had not unlawfully terminated him, Dr. Mento would have retired on June 30, 2006, with his salary and the full pension of $7,100.51 per month, **but not** the $114,400.62 in pension payments. Because the trial court's order making Dr. Mento more than whole is manifestly unreasonable, we conclude that the trial court has clearly abused its discretion.

Accordingly, we reverse.

### ORDER

AND NOW, this 18th day of August, 2011, the order of the Court of Common

---

2. The trial court's statement of the facts indicates that the monthly deductions of $644.45 have a present value of $182,094.91, but the trial court's order requires that the School District pay Dr. Mento the amount of $182,094.97. The present value is the amount Dr. Mento would need to repay PSERS at $644.45 per month given his life expectancy.

3. Our scope of review is limited to determining whether the trial court abused its discretion, committed an error of law or violated constitutional rights. *Appeal of Edge*, 147 Pa. Cmwlth. 27, 606 A.2d 1243, 1244 n. 1 (1992). A trial court is entitled to great deference in the interpretation of its own orders; thus,

reversal will occur only where a clear abuse of discretion is indicated. *Lang v. Department of Transportation*, 13 A.3d 1043, 1046 (Pa. Cmwlth.2011). An abuse of discretion is defined as a misapplication of the law, a manifestly unreasonable exercise in judgment, or a final result that evidences partiality, prejudice, bias or ill-will. *Allegheny County v. Golf Resort, Inc.*, 974 A.2d 1242, 1245 (Pa.Cmwlth. 2009).

4. Because the trial court awarded Dr. Mento the present value of the deductions, Dr. Mento is, in effect, receiving the full pension of $7,100.51 per month.

Pleas of Allegheny County, dated December 14, 2010, is hereby reversed.