**Arland H. SCHANTZ and Maria L. Schantz, husband and wife, Appellants**

v.

**Janet M. BAHRY, individually, and Dale L. Koplin, an individual.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 2011.

Decided April 18, 2012.

Reargument Denied June 12, 2012.

---

Andrew V. Schantz, Allentown, for appellants.

James A. Bartholomew, Center Valley, for appellees.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge COHN JUBELIRER.

Before this Court is the appeal of Arland H. Schantz and Maria L. Schantz, husband and wife, (together, Landowners) from the Order of the Court of Common Pleas of Lehigh County (trial court) that entered a verdict against Landowners' Complaint for Declaratory Judgment (Complaint) regarding their right to access a private road near their property and entered a verdict in favor of the Counterclaim for Ejectment (Counterclaim) of Janet M. Bahry (Bahry) and Dale L. Koplin (Koplin) (together, Neighbors) and against Landowners. Landowners argue that Elm Road, a private road created in 1960 when Lower Milford Township (Township) va-

cated Elm Road as a public road pursuant to former Section 1101 of The Second Class Township Code (Code),[1] has a right-of-way of twenty-five feet by operation of law and, therefore, abuts one of Landowners' lots, giving them the right to access Elm Road from that lot.[2]

Prior to 1960, Elm Road was a public road with a 33–foot right-of-way. In 1960, Township enacted Ordinance No. 4, which vacated Elm Road as a public road and designated it as a private road. Elm Road lacks a curb or paving and currently exists as a worn roadbed that varies in width, but is less than fifteen feet wide. Landowners own, individually or jointly, five parcels of land near or abutting Elm Road encompassing approximately 161 acres in total. Bahry owns two parcels of land near or abutting Elm Road encompassing a total of 10 acres. Koplin owns six parcels of land, individually or jointly with his wife, encompassing a total of 45 acres. To facilitate a description, the trial court enumer-

ated eight lots.[3] Landowners own Lots 1, 2, 6 and 9. Lots 1 and 2 lie west of Elm Road. Bahry owns Lots 4 and 5. Lot 4 lies west of Elm Road. Koplin owns Lots 7 and 8. Lot 8 lies west of Elm Road. Lots 4, 5, 6, 7, and 8 abut the worn roadbed of Elm Road. Elm Road provides exclusive vehicular access to Lots 4, 5, 6, 7, 8, and 9, and has been used continuously since its vacation as a public road.

Sometime after 1997, Landowners created a ten-foot-wide path (Path) beginning in Lot 1 that crosses Lot 4 (owned by Bahry) to reach the roadbed. Landowners use the Path coupled with Elm Road, as a convenient means of traveling between Lot 1 and Lots 6 and 9. Landowners could alternately reach Elm Road and, thence, Lots 9 and 6 from Lot 1 via a longer route involving public roads. There are two iron pipes that mark the property boundaries between Lots 1 (Landowners), 4 (Bahry), and 7 (Koplin) near the point where the

---

1. In 1960, former Section 1101 provided, in relevant part:

   > The township supervisors may by ordinance enact, ordain, survey, lay out, open, widen, straighten, vacate and relay all roads and parts thereof which are wholly within the township, upon the petition of interested citizens, or without petition if in the judgment of the supervisors, it is necessary. Such power shall include authority to vacate, in whole or in part, roads laid out by the Commonwealth, where the same have remained unopened for a period of thirty years, and also the authority to lay out and open a public road which will be a continuation or extension of a street already opened by an adjacent city, borough or township, and to provide in any ordinance for the vacation of a road, that all or part thereof shall be a private road.

   Act of July 10, 1947, P.L. 1481, *as amended, formerly* 56 P.S. § 66101. Section 1101 has since been reenacted and renumbered as Section 2304 of The Second Class Township Code by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67304.

2. We note that this case might, at first glance, appear to be a dispute between two private parties, which could call into question this Court's subject matter jurisdiction. Pursuant to Section 762(a)(4)(i)(A) of the Judicial Code, 42 Pa.C.S. § 762(a)(4)(i)(A), this Court has subject matter jurisdiction over actions where the application or interpretation of a "statute regulating the affairs of [a] political subdivision" is at issue, which, in this case, is the width of a private road created when a public road was vacated by township supervisors pursuant to The Second Class Township Code. Moreover, because this question involves a former public road and the private road created therefrom, this case also touches on this Court's jurisdiction over eminent domain matters pursuant to Section 762(a)(6) of the Judicial Code, 42 Pa.C.S. § 762(a)(6).

3. Some of the lots comprise more than one tax parcel. Two reproductions of Landowners' Exhibit P–1, which the trial court credited as providing "an accurate depiction of the disputed area," (Trial Ct. Op. at 4), are attached to this opinion in order to aid the reader.

Path meets the roadbed. Pipe One marks the intersection of Lots 4 and 7 and lies within the roadbed. Pipe Two marks the intersection of Lots 1, 4 and 7. Pipe Two lies two or three feet outside the roadbed and approximately seven or eight feet from the center of the roadbed.

In April 2009, Bahry erected a fence, along with "No Trespassing" signs, across the Path where it crosses Lot 4. Landowners continued to cross Lot 4 to reach the roadbed. On March 26, 2010, Landowners filed their Complaint that Lot 1 abutted the thirty-three foot right-of-way vacated by Ordinance No. 4 and that they, therefore, have the right to unimpeded access to Elm Road from Lot 1. In the alterative, they argued that they had the right to use the Path due to the doctrine of adverse possession. Neighbors answered the Complaint averring that, when Elm Road was vacated, it became a private road that did not abut Lot 1 and Landowners, therefore, did not have a right to access Elm Road from Lot 1. In addition, Neighbors filed a Counterclaim seeking to prohibit Landowners from crossing Neighbors' properties in order to reach Elm Road.

The trial court held a hearing on December 14, 2010. At the hearing, Landowners produced the testimony of Mr. Schantz and Glenn C. Moyer (Moyer), a professional land surveyor who surveyed the area involved on behalf of Landowners. Landowners also introduced Moyer's survey of the properties involved and deeds of the properties involved. Neighbors produced the testimony of Bahry's husband, Koplin, and Alfred O. Werner (Werner), a surveyor who had surveyed the area in 1997. Neighbors also introduced an aerial tax map of the properties involved, depositions and interrogatories of Landowners, survey

plans of the Koplin property, as well as a copy of Ordinance No. 4.

■ On May 27, 2011, the trial court issued its Order, in which it denied declaratory judgment to Landowners and found in favor of Neighbors' Counterclaim. In its accompanying opinion the trial court found that, although Ordinance No. 4 had vacated Elm Road in 1960 and thereby converted it to a private road, the ordinance was silent as to the width of the resulting private road. In response to Landowners' argument that the resulting private road had a right-of-way width of twenty-five feet by operation of Section 1 of the Act of April 17, 1929, P.L. 530, 36 P.S. § 2781 (Section 2781),[4] the trial court noted that this provision addresses the vacation of a public road by a court of quarter sessions but, in this case, Elm Road was vacated by an ordinance of the Township. Therefore, the trial court determined that Section 2781 was not applicable. The trial court also noted that, pursuant to case law, the Private Road Act is to be strictly construed and Landowners failed to show the necessity for a private road because Lot 1 is not landlocked. The trial court also found that, in *Glennon v. Zoning Hearing Board of Lower Milford Township*, 108 Pa.Cmwlth. 371, 529 A.2d 1171 (1987), this Court affirmed a finding by the trial court that Elm Road did not automatically become an approved private road with a width of twenty-five feet upon its vacation. The trial court also concluded, based on Moyer's testimony, that the description of Elm Road in Ordinance No. 4 was essentially unplottable, and the trial court would essentially be determining the location and width of Elm Road as a private road nunc pro tunc, which it lacks the authority to do. *In re Road in Smithfield Township*, 29 Pa. D. & C. 208 (Pa. Quar.

---

4. At issue in this case are a number of acts that are collectively commonly known as the

Private Road Act, which may be found at 36 P.S. §§ 2731–2891.

Sess. Monroe 1937). The trial court also concluded it would be effecting a taking of Neighbors' property between the worn roadbed and Lot 1. The trial court rejected Landowners' adverse possession argument on the basis that they failed to show that the Path had been in use for twenty-one years. Landowners now appeal to this Court.[5]

This Court must decide whether the trial court erred in determining that Elm Road does not have a twenty-five foot right-of-way and whether the trial court erred in granting Neighbors' Counterclaim.

■ We first address the issue of whether the trial court erred in determining that Elm Road does not have a twenty-five foot right-of-way and conclude that it did. The central issue in this case is the width of the private road created by Ordinance No. 4. Ordinance No. 4 provides in relevant part that Elm Road, also known as Township Route # 380, "having a width of 33.00′ . . . is hereby vacated and declared to be a private road." (Ordinance No. 4 at 2, R.R. at 25a.) Neighbors argue that, upon its vacation, the land that had formed Elm Road reverted to them in fee pursuant to Section 2 of the Act of May 12, P.L. 586, which states:

In the event that the proceeding for the opening and laying out of a private road referred to in the preceding section [Section 1 of the Act of May 12, P.L. 586, 36 P.S. § 2737 (Section 2737)] shall have been completed, and a final decree confirming said road shall have been made, and such proposed road shall not have been physically opened upon the ground, and shall have remained or shall

remain unopened to use for a continuous period of five years next after the entry of the final decree confirming said road, then such proceedings shall be deemed to be void and of no effect, and the land proposed to be taken shall revert to the owners of the land, as in the case of the vacation of a public road, free of any easement or right of the petitioner or petitioners for such road to use the same

36 P.S. § 2738 (Section 2738). However, Elm Road was not laid out pursuant to Section 2737, which refers to the process of laying out and opening private roads pursuant to the Private Road Act, but was vacated as a public road and declared a private road by Ordinance No. 4 pursuant to Section 2304(a) of The Second Class Township Code. Neighbors do not point to any authority that would support the application of Section 2738 to a private road resulting from the vacation of a public road pursuant to Section 2304(a) rather than to a private road laid out pursuant to the Private Road Act.

■ Section 2781 provides that a private road resulting from the vacation of a public road has a twenty-five foot right-of-way:

Whenever viewers, appointed by the court of quarter sessions to view and vacate any public road within this Commonwealth, shall find and report that there is no necessity for such public road, but shall recommend in their report that the route thereof, or of any portion thereof, be and remain a private road, upon the approval of their said report and the confirmation thereof by the court and the vacation of said public road, the court shall have power to enter

---

5. This Court's "scope of review is limited to determining whether the trial court abused its discretion, committed an error of law or violated constitutional rights." *Mento v. Board of School Directors of Montour School District,* 35 A.3d 66, 68 n. 3 (Pa.Cmwlth.2011), *appeal denied,* —— Pa. ——, 37 A.3d 1197, No. 474 WAL 2011, 2012 WL 386678 (Feb. 8, 2012).

a decree that the route of such abandoned public road, or any portion thereof, so recommended for a private road, shall be and become a private road, of the width of twenty-five feet, for the use and benefit of the owners of lands through or along which it passes, to be maintained and used as private roads are now maintained and used under existing laws.

36 P.S. § 2781. The trial court held that Section 2781 did not apply because Elm Road was not vacated by a court of quarter sessions after the report of a board of viewers. (Trial Ct. Op. at 8.) However, as Landowners point out, former Section 1101 of The Second Class Township Code was enacted in 1947, after Section 2781, and gives the Township the power to vacate roads. In *In re Hain Avenue*, 54 Pa. Cmwlth. 102, 420 A.2d 760 (1980), this Court stated that the 1947 amendments to The Second Class Township Code having to do with the laying out and vacating of roads "supplanted the original jurisdiction of the quarter sessions courts [6] by placing determinations formerly made by a board of view within the discretion of the township supervisors." *Id.* at 762. This Court went on to state that "[t]he vacating ordinance, when filed by the supervisors with the court of quarter sessions, is in essence the same as the report of viewers under earlier law, and proceedings after that fil-

ing continue to be in accordance with the General Road Law." *Id.* Thus, Landowners are correct that Ordinance No. 4 vacated Elm Road as a public road and established it as a private road, just as a report of viewers would have done before the 1947 amendments to The Second Class Township and that the private road thereby created had, by operation of Section 2781, a right-of-way width of twenty-five feet. This Court's statement in *Glennon* regarding the width of Elm Road, per the trial court, addressed a different section of Elm Road and, moreover, does not appear to be strictly necessary to the opinion's reasoning. While our Court did discuss Elm Road's width, this Court went on to state that Elm Road was not an approved private street merely because it was a vacated public road. *Glennon*, 529 A.2d at 1173.[7] While it is true, as the Supreme Court stated in *In re O'Reilly*, 607 Pa. 280, 299–300, 5 A.3d 246, 258 (2010), that takings under the Private Road Act must serve a public purpose, Ordinance No. 4 did not effect a taking given that the land that composed Elm Road as a public road had already been taken when the public road was formed.

This analysis finds support in other decisions of this Court and the Superior Court. In *Warner–Vaught v. Fawn Township*, 958 A.2d 1104, 1107 (Pa.Cmwlth.2008), this Court, in discussing an unrelated matter,

---

6. As this Court noted in *In re Vacation of Portion of Township Road 164*, 102 Pa. Cmwlth. 80, 518 A.2d 2 (1986), "Section 4 of the Schedule to the Judiciary Article of the 1968 Constitution abolished the quarter sessions courts. The common pleas courts now exercise the jurisdiction once exercised by the quarter sessions courts." *Id.* at 3 n. 1. However, we note that Ordinance No. 4 was passed prior to the adoption of the 1968 Constitution.

7. Moreover, because the parties in this case are neither identical to those in *Glennon,* nor is the legal question the same, the doctrine of

*res judicata* would not apply. The legal question in *Glennon* was whether Elm Road was an "approved private street" pursuant to Section 733.2 of the Township Zoning Ordinance, which required that buildings be constructed on lots adjacent to public streets or approved private streets. *Glennon*, 529 A.2d at 1172–73 & n. 1. It is not clear from *Glennon* that the term "approved private street" as used in Section 733.2 of the Township Zoning Ordinance is coextensive with the term "private road" as used in the Private Road Act or Second Class Township Code.

discussed Section 2304 of The Second Class Township Code involving the power of a township to vacate a public road, together with Section 2781 setting the width of a private road resulting from a vacated public road at twenty-five feet. In *Carringer v. Taylor*, 402 Pa.Super. 197, 586 A.2d 928, 930–31 (1990), the Superior Court considered an argument that a supposed private road had a width of twenty-five feet because it was a vacated public road and the Superior Court rejected this argument because it held there was no evidence that the supposed public road had ever existed. In this case, there is no argument that Elm Road did not exist as a public road prior to its vacation pursuant to Ordinance No. 4. Therefore, pursuant to Section 2781 and *Warner–Vaught*, Elm Road, being a vacated public road that is now a private road, has a twenty-five foot right-of-way.

▪ Having established the width of the private road's right-of-way is twenty-five feet, we now address the issue of whether the trial court erred in granting Neighbors' Counterclaim. Former Section 1101 provided that a private road resulting from the vacation of a public road shall be "for the use and benefit of the owners of lands through or along which it passes." Thus,

insofar as the twenty-five foot right-of-way of Elm Road passes through Lot 1, Landowners have the right to access Elm Road at its border with Lot 1. The trial court and Neighbors are correct, however, that no authority gives Landowners the right to cross Neighbors' property *outside* Elm Road's right-of-way in order to reach Elm Road.[8]

We, therefore, reverse the trial court's Order insofar as it relates to that portion of the twenty-five foot right-of-way of Elm Road that abuts Lot 1. We affirm that part of the trial court's Order holding that Landowners do not have a right to traverse Lot 4 outside the twenty-five foot right-of-way of Elm Road.

### ORDER

**NOW,** April 18, 2012, the Order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby **AFFIRMED** insofar as it grants the Counterclaim for Ejectment to the extent that Arland H. Schantz and Maria L. Schantz, husband and wife, do not have the right to cross the property of Janet M. Bahry outside the twenty-five foot right-of-way of Elm Road; the Order is hereby **REVERSED** in all other respects.

---

8. With regard to Landowners' argument regarding adverse possession, we agree that the trial court's finding that the Path was not in use for 21 years is supported by substantial evidence in the record.

EXHIBIT "A"

| DESIGNED: | KCE | REVISIONS | | | | |
|---|---|---|---|---|---|---|
| DRAWN: | BJF | NO | DATE | | | |
| CHECKED: | GCM | - | - | | | |
| DATE: | 02/05/10 | - | - | KEYSTONE CONSULTING ENGINEERS INC. | | |
| SCALE: | 1" = 30' | | | | | |
| JOB NO: | CW10-007 | | | | | |
| LAYOUT: | EXHIBIT | | | | | |
| SHEET: | 1 - 1 | | | | | |

EXHIBIT

ARLAND SCHANTZ

INGRESS and EGRESS
TO WOODLAND PROPERTY

LOWER MILFORD TOWNSHIP
LEHIGH COUNTY, PENNSYLVANIA